**Michigan Supreme Court**
**Lansing, Michigan**

# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v BUTLER

Docket No. 165162. Argued on application for leave to appeal January 11, 2024. Decided March 25, 2024.

Karl D. Butler was charged in the Kalamazoo Circuit Court with five counts of first-degree criminal sexual conduct and one count of first-degree home invasion that arose from an alleged sexual assault on the complainant, KQ, in 2009. Defendant admitted to engaging in sexual activity with KQ but maintained that it was consensual. Defendant moved for admission of evidence regarding a previous sexual-assault allegation that KQ had made against two individuals in November 2008, a few months before the alleged assault in this case. Defendant argued that the 2008 allegation was false and, therefore, evidence regarding the allegation was admissible at trial. The prosecution opposed admission, arguing that the evidence was barred by the rape-shield statute, MCL 750.520j. The trial court, Pamela L. Lightvoet, J., initially denied defendant's motion. Defendant filed a renewed motion, arguing that the trial court should conduct an *in camera* review of his offer of proof, which consisted primarily of the police report concerning KQ's 2008 allegations and police reports from follow-up interviews conducted in 2019. Those reports contained statements from the two individuals that KQ had accused of sexual assault in November 2008. In each statement, the individuals—who were not charged with any crimes following the police investigation—described the details of the sexual encounter with KQ and asserted that the encounter was consensual. Defendant sought to introduce testimony from those individuals, from the investigating police officers, and from two other individuals. After reviewing the documents, the trial court held a hearing on defendant's renewed motion to admit the evidence but did not conduct an *in camera* evidentiary hearing. The trial court granted the motion and held that it would allow testimony from certain individuals, stating that its final determination regarding the admissibility of specific testimony would be made at trial "depend[ing] on what the testimony is . . . ." The prosecution sought leave to appeal in the Court of Appeals, and the Court of Appeals granted the application. In an unpublished per curiam opinion issued on September 22, 2022 (Docket Nos. 359847, 359848, and 359849), the Court of Appeals, GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ., reversed the trial court's decision, holding that the trial court abused its discretion by granting defendant's motion. Defendant sought leave to appeal in the Supreme Court, and the Supreme Court ordered oral argument on the application. 511 Mich 963 (2023).

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal, *held*:

MCL 750.520j generally excludes evidence of a rape victim's prior sexual conduct with others as well as the rape victim's sexual reputation when offered to prove that the conduct at issue in the case was consensual or for general impeachment. However, in certain limited situations, such as when a complainant has made false accusations of rape in the past, the admission of such evidence may be required to preserve a defendant's constitutional right to confrontation. *People v Hackett*, 421 Mich 338 (1984), outlines the procedure for a trial court to employ when evaluating the admissibility of evidence of the complainant's prior sexual conduct: the defendant must make an offer of proof as to the proposed evidence and demonstrate its relevance to the purpose for which it is sought to be admitted. If the defendant makes a sufficient offer of proof, the trial court shall order an *in camera* evidentiary hearing to determine the admissibility of such evidence. At this hearing, the trial court has the responsibility to restrict the scope of cross-examination to prevent questions that would harass, annoy, or humiliate sexual-assault victims and to guard against mere fishing expeditions. In this case, the trial court's decision to allow certain testimony regarding the alleged false accusations to be admitted at trial was construed as an implicit conclusion that defendant's offer of proof was sufficient to require an *in camera* evidentiary hearing under *Hackett*. The trial court did not err by coming to this conclusion, but the trial court erred by failing to make an explicit finding on this point. There must be a showing of at least some apparently credible and potentially admissible evidence that the prior allegation was false. In this case, the accused individuals' and other witnesses' statements made to the police during the 2008 investigation and the 2019 follow-up interviews provided at least some apparently credible and potentially admissible evidence that the prior allegations were false. Accordingly, the Court of Appeals erred to the extent it held that defendant's offer of proof was insufficient. Because the offer of proof was sufficient, the trial court erred by failing to conduct an *in camera* evidentiary hearing before granting admission of the evidence, and the Court of Appeals erred by analyzing the ultimate question of admissibility without requiring the trial court to conduct an evidentiary hearing. Once a sufficient offer of proof is made, the *in camera* evidentiary hearing is not optional. Accordingly, the decisions of the Kalamazoo Circuit Court and the Court of Appeals were vacated, and this case was remanded to the Court of Appeals. The Court of Appeals was instructed to retain jurisdiction and remand the case to the Kalamazoo Circuit Court for an *in camera* evidentiary hearing under *Hackett*. The Court of Appeals was further instructed to direct the trial court to determine the appropriate standard of proof for the admissibility of evidence of prior false allegations of sexual assault by the complainant; conduct an *in camera* evidentiary hearing to determine whether defendant presents sufficient proof of the falsity of the 2008 allegations at the evidentiary hearing to warrant admission of the evidence at trial in this case; and, if necessary, make a preliminary determination as to whether, and the extent to which, the evidence is otherwise admissible under the rules of evidence.

Vacated and remanded.